E. B. DRUMRIGHT, *Appellant,* v. ARCHIE AITCHISON, *Appellee.*

Opinion Filed June 9, 1913.

A right to redeem lands from a mortgage may be lost by laches and acquiescence of the plaintiff and adverse possession by the defendant.

Appealed from the Circuit Court of Pinellas County.

Decree affirmed.

*F. M. Simonton,* for Appellant;

*McMullen & McMullen,* and *Davis & Sellars,* for Appellee.

WHITFIELD, J.—The bill seeking to redeem lands from a mortgage alleges that in 1884 Alfred Allen and Arthur C. Jackson, being seized in fee simple of described land, mortgaged it to Benjamin F. Barnard; that in 1886 Alfred Allen conveyed the land to Frederick Groover. It does not appear that Jackson had conveyed his interest to Allen. Subsequently Barnard foreclosed the mort-

gage, but did not make Groover a party to the foreclosure proceedings. At the foreclosure sale in 1889 Barnard purchased the land and subsequently conveyed it. In 1912 the heir of Frederick Groover conveyed to Drumright the title received from Allen before the mortgage was foreclosed, and Drumright asks to be decreed a right to redeem from the defendants, appellees here, as the successors in title to Barnard, who was the mortgagee and who bought at the foreclosure sale. The court dismissed the bill and complainant appealed.

The bill alleges that neither of the defendants, appellees here, "have been in actual possession and control of the premises, and adversely holding the same under their conveyances, and adversely to the interests of the said Frederick Groover; that they were charged by law with notice of the said conveyances to the said Frederick Groover duly made and filed of record as hereinbefore set forth, and that their chain of title traces through the said Alfred Allen and Arthur C. Jackson, whose conveyances vested title in the said Frederick Groover, and that the rights and interests of the said Frederick Groover have not been barred herein."

The bill further alleges that the defendants "have been occupying said premises for a number of years, enjoying the use and rents thereof which has been of great value;" and an accounting is prayed.

If the defendants were adversely occupying the premises under claim of right when Drumright took his deed from Groover's heir, the deed is inoperative as against them. Besides this the long delay in asking to redeem is not explained or excused; no fiduciary relation or duty is shown as against Barnard or his successors in title and the allegations of the bill indicate an ac-

quiescence in the defendants' title and right to the lands relieved of the original mortgage lien.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.